IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARMANETTE WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 2:21-CV-277-PPS-APR |
| vs. | ) |
| | ) |
| METHODIST HOSPITALS, INC, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Claims under the Family Medical Leave Act must be brought within two years unless the alleged violation is willful or done with reckless disregard, in which case the limitations period is three years. The question presently before the court is whether the Plaintiff, Armanette Williamson, has alleged a plausible willful violation. [DE 21.] Because the issue of whether someone acted willfully is a fact question, resolution of the matter on a motion to dismiss is not proper. Williamson has sufficiently pleaded a willful violation of the FMLA, and her claims are therefore not time-barred, at least not now.

**Background**

As usual, I will first sketch out the facts as they are set out in the first amended complaint. Almost exactly 20 years ago, in January 2002, Ms. Williamson started her employment with Methodist Hospitals, Inc. [First Am. Compl., DE 11, at 2-3.] She was a Certified Nursing Assistant, or "CNA." [*Id.* at 3.] On January 5, 2017, while

Williamson was working, she was injured on the job (lifting a deceased person). *Id.* She suffered chest pain, could not move her arms, and had pain in her spine. *Id.* As a result of her injury, she was initially off work for three days. *Id.* Eventually, her doctors determined that Williamson had suffered a right shoulder partial thickness rotator cuff tear and subacromial decompression. *Id.* She underwent a surgery that involved a cervical fusion of discs C-5 and C-6. *Id.* According to the complaint, Williamson continued to suffer from injuries, and received additional treatments and surgeries through September 2018. *Id.* During this period, Williamson was on FMLA leave at various times, and she also filed a worker's compensation claim as a result. *Id.*

From March 18, 2018, through May 25, 2018, Williamson returned to work but she was assigned to light duty, doing secretarial-type work, setting up appointments, answering phones, etc. *Id.* Williamson claims she was able to perform these desk duties, and had experience with data processing in the past. [*Id.* at 4.] Then, from May 25, 2018 through August 8, 2018, Williamson was again on FMLA leave — she had surgery to remove the C6 disc (and replace it with titanium). *Id.*

Around this time, Williamson's worker's compensation case was coming to a close. *Id.* On September 9, 2018, Williamson returned to work and found her e-mail had been deleted, her paperwork cleaned out, and the lock on her locker was cut off. *Id.*

The head of Human Resources instructed her to look on the Methodist job board to find a new position. *Id.* When Williamson asked why she could not continue doing the light duty job, she was told she wasn't qualified. [*Id.* at 4-5.] Following an interview

2

with the medical records department, Williamson was told she was put on a "do not hire" list. [*Id.* at 5.] Methodist's Human Resources department denied she was ever put on such a list. *Id.*

On October 17, 2018, Williamson received a letter from Methodist stating since she had permanent restrictions, she could not return to her position as a CNA, and she was given 30 days from September 2018 to apply for any positions for which she thought she was qualified, before she was terminated. *Id.* The letter also stated that since Williamson could not secure any positions to move forward, the only recourse was to terminate her employment. *Id.* She was fired effective October 15, 2018. *Id.*

The first amended complaint sets forth three counts under the Americans with Disabilities Act (Counts I-III), as well as an FMLA interference claim (Count IV) and FMLA retaliation claim (Count V). Methodist Hospital and the individual defendants (collectively "Methodist") have moved to dismiss the FMLA claims (Counts IV and V) under Rule 12(b)(6) for failure to state a claim.

## Discussion

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by

3

purely conclusory statements. *See Iqbal*, 556 U.S. at 678. Williamson must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, prohibits employers from interfering with an employee's rights under the Act or to discharge or discriminate against any employee for opposing any practice that the Act makes unlawful. 29 U.S.C. § 2615(a). The FMLA's purpose is to allow employees to take periods of leave from their jobs for health or family reasons (such as the serious health issues Williamson suffered) and permits an employee to take leave and be reinstated when her leave is finished. *Phelan v. City of Chicago*, 347 F.3d 679, 683 (7th Cir. 2003).

In a case where an employee alleges that her employer discriminated against her based on the FMLA, the question is "whether the employer's actions were motivated by an impermissible retaliatory or discriminatory animus." *Horwitz v. Board of Educ. of Avoca Sch, Dist. No. 37*, 260 F.3d 602, 616 (7th Cir. 2001). If an employee takes FMLA leave, an employer cannot use it as a negative factor in hiring, promotions, or disciplinary actions. *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 978 (7th Cir. 2008).

Methodist's main argument regarding Williamson's FMLA claims is that they are time-barred. In general, a plaintiff must bring an FMLA claim not later than 2 years after the date of the last event constituting the alleged violation. 29 U.S.C. § 2617(c)(1).

4

However, a three-year statute of limitations applies in cases of willful or reckless disregard. 29 U.S.C. § 2617(c)(2). In this case, Williamson was terminated on October 15, 2018 (the date that all parties impliedly concede was the last event allegedly violating the FMLA). The complaint was filed on September 7, 2021. [DE 1.] Therefore, unless Williamson properly alleged a willful violation (triggering the 3-year statute of limitations), her FMLA claims would be barred under the general 2-year statute of limitations.

A statute of limitations defense is not normally part of a motion to dismiss under Rule 12(b)(6), and dismissal in such a situation is appropriate only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (citation omitted); *see also Ivanovich v. Menard Inc.*, No. 2:20-CV-172-PPS-APR, 2020 WL 6149806, at *2 (N.D. Ind. Oct. 20, 2020) (quoting *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("dismissal under Rule 12(b)(6) on the basis of the statute of limitations is 'irregular,' since it is an affirmative defense for which the defendant bears the burden of proof.")). Additionally, "[w]hether an employer acted willfully is generally a question for the finder of fact." *Koch v. Jerry W. Bailey Trucking, Inc.*, 482 F.Supp.3d 784, 798 (N.D. Ind. 2020).

In arguing that Williamson has not properly alleged that the FMLA violations were willful, Methodist cites to the case *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128

5

(1988), which dealt with the meaning of "willful" under the analogous statute of limitations in the Fair Labor Standards Act (FLSA). [DE 22 at 4.] *McLaughlin* noted that "[i]n common usage the word 'willful' is considered synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.'" *Id.* at 133. In that case, the Court reiterated the standard of willfulness that was adopted in *Thurston*, "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)).

The Seventh Circuit has held that the *McLaughlin* willfulness standard for FLSA claims also applies to the willfulness standard in FMLA claims. *Sampra v. United States Dep't of Transp.*, 888 F.3d 330, 333-34 (7th Cir. 2018) (affirming district court's grant of summary judgment). However, "courts in this district have determined that bare allegations of willfulness are sufficient to stave off statute of limitations challenges at the pleadings stage." *Diaz v. E&K Cleaners, Inc.*, No. 16-cv-07952, 2018 WL 439120, at *4 (N.D. Ill. Jan. 16, 2018); *see also Kammer v. CET Inc.*, No. 2:21-CV-83-PPS-JPK, 2021 WL 2632441, at *2 (N.D. Ind. June 25, 2021) (denying motion to dismiss in FLSA case, finding the allegations relating to willfulness were sufficient at that stage of the proceedings).

I also find the allegations of willfulness are sufficient in this case. The first amended complaint specifically alleges that "Defendants actions were not in good faith and they did not take steps to comply with FMLA" and that Defendants "**acted**

6

**intentionally, and thus the three (3) year statute of limitations applies**." [DE 11 at 9-10 (emphasis in original).] Aside from these really blatant allegations of intentional and willful conduct, when reading the complaint as a whole, Williamson has alleged that Methodist refused to let Williamson continue in a lighter duty job (which she had been given as an accommodation before she went on her last leave), they at a minimum did not help her find a new position and at a maximum stood in the way of her finding another position, and they harassed and threatened her. [DE 11 at 8-10.] These allegations taken together are easily sufficient to plead willfulness and I cannot say that Williamson has pleaded herself out of court on these claims. Therefore, the FMLA claims survive dismissal. Discovery in this case might illuminate whether Methodist really acted intentionally and wilfully, and this issue may of course be revisited at the summary judgment stage of the proceedings.

In its reply, Methodist argues that "there is no evidence that Plaintiff can submit that would show the Defendants acted to interfere with her rights under FMLA or that Defendants retaliated against Plaintiff for taking her allowed FMLA leave." [DE 31 at 5.] But this confuses the standard. What matters at this point are allegations, not evidence. To survive dismissal, the complaint only needs to give the defendants fair notice of the basis for the claim and be facially plausible. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Williamson has met these requirement.

Lastly, Methodist argues that the individual defendants should also be dismissed from this case if the court dismisses Counts IV and V. [DE 22 at 6-7.] Because I found

7

the FMLA counts are viable claims, the individual defendants shall remain in the litigation.

## Conclusion

For all of the above-mentioned reasons, Defendants' Motion to Dismiss [DE 21] is DENIED.

**SO ORDERED**.

ENTERED: March 3, 2022

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT